```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAI`I

KENNETH JELKS, #A0249413,    )   CIVIL NO. 08-00108 JMS-LEK
                             )
          Petitioner,        )
                             )
     vs.                     )
                             )   SECOND ORDER FOR SUPPLEMENTAL
WARDEN SWENSON and           )   BRIEFING
CLAYTON FRANK,               )
                             )
          Respondents.       )
_____ )
```

## SECOND ORDER FOR SUPPLEMENTAL BRIEFING

On June 12, 2008, the court ordered Respondents to submit supplemental briefing detailing the adequacy of Petitioner's Mainland prisons' respective law libraries and Petitioner's access to information concerning the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and its statute of limitation, while he has been incarcerated at those prisons. The court explicitly limited Respondents' supplemental briefing to Petitioner's access to information concerning AEDPA's statute of limitation **since June 28, 2005**, the date that the Hawaii Paroling Authority issued its amended Notice and Order Setting Minimum Term.  (Doc. No. 15.)

On June 19, and July 7, 2008, the court extended the time that Respondents must file the supplemental briefing until July 17, 2008.  (Doc. Nos. 16 & 17.)

After further review of the Petition, Answer and exhibits, Reply, and Petitioner's previously-filed federal habeas petitions, *Jelks v. Blair, et al.*, Civ. No. 06-00426 SOM-LEK, and *Jelks v. White, et al.*, Civ. No. 07-00127 ACK-LEK, the court requires additional clarification from Respondents.

First, because it appears that Petitioner's conviction and original sentence of life with the possibility of parole were final in 1998, and that Petitioner was aware that his minimum term had been set at twenty years since April 1997, long before the Hawaii Paroling Authority issued the amended Minimum Term Order, **Respondents are ORDERED** to provide information concerning whether Petitioner had access to the AEDPA, and the statute of limitation set forth in 28 U.S.C. § 2244(d)(1), **at any time** since his conviction was affirmed by the Hawaii Supreme Court on August 5, 1998.

Second, because it appears that the Amended Notice and Order Fixing Minimum Term(s) of Imprisonment, issued by the Hawaii Paroling Authority ("HPA") on June 28, 2005, represented a simple correction of clerical error, and not an amended judgment of sentence by a court, **Respondents are ORDERED** to thoroughly brief this issue. *See e.g.*, *Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001); *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000).

Third, because: (1) Respondents argue that Petitioner's notice of appeal (NOA) of his *second* Rule 40 petition was untimely filed on May 9, 2006; (2) the NOA was stamped as received by the state court on May 2, 2006; and (3) Petitioner asserts that he timely signed (and suggests that he delivered to prison authorities) the NOA on April 14, 2006, although the NOA is notarized on April 21, 2006; it is uncertain what date Petitioner tendered his NOA to prison authorities for filing. **Respondents are ORDERED** to investigate and provide information detailing the date that Petitioner gave the NOA for his second Rule 40 petition to prison authorities for filing with the state court.

Finally, **Respondents are ORDERED** to provide information regarding whether a separate order of final judgment has ever been entered in Petitioner's second Rule 40 Petition, S.P.P. 05-1-000061, or if that Petition is still pending in the state courts, as argued by Respondent based upon the Intermediate Court of Appeals' decision denying Petitioner's attempt to appeal the denial of his second Rule 40 Petition by Judge Perkins. (*See* Respondents' Apps. I & M.)

An explanation, if known, as to why Petitioner's appeal in S.P.P. 05-1-000061 was incorrectly treated by the state court *as an appeal to the circuit court*, when the document clearly contains the docket number appealed from, S.P.P. 05-1-000061,

and explicitly states, "This appeal is brought pursuant to HRS 571-54, 641-11 of the Hawaii Rules of Appellate Procedure, *appeals to the Hawaii Supreme Court and the Intermediate Court of Appeals, from the Circuit Court of the First Circuit*, pursuant to the Hawaii Rules of Penal Procedures, Rule 40. (h) Review[,]" would also be helpful.  (App. I, 2 (emphasis added).)

This court is uncertain what more was required of Petitioner, proceeding *pro se*, to notify the state court that he was attempting to appeal the denial of his second Rule 40 Petition.  Particularly in light of the fact that, to appeal a Hawaii state court decision in a civil case a prospective appellant is required to file the notice of appeal with the clerk of the court from which the appeal is taken, precisely what Petitioner did.  See Haw. R. App. P. 4(a)(1).  As such, if the second Rule 40 Petition is still pending, Respondents are requested to explain, if possible, what steps Petitioner is required to take to now properly appeal the denial of his second Rule 40 Petition, or if that avenue is foreclosed.

Respondents are given up to and including **August 11, 2008**, within which to file the requested information.  Petitioner may file an optional Reply to Respondents supplemental brief on or before **August 25, 2008.**  These supplemental briefs should not exceed ten pages in length, exclusive of any exhibits.  If any of the requested information is presently available in the exhibits

to Respondents' Answer, the parties may simply refer the court to those exhibits.

   IT IS SO ORDERED.

   DATED AT HONOLULU, HAWAII, July 11, 2008.



         /S/ Leslie E. Kobayashi
         Leslie E. Kobayashi
         United States Magistrate Judge

*Jelks v. Swenson, et al.*, Civ. No. 08-00108 JMS-LEK; Second Order for Supplemental Briefing; dmp/Non-disp Ords 08/Jelks 08-108 (2d Ord for Supp'l brfg)